IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BERNARD RAY RICHARDSON, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:14cv00681 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| J.B. MESSER, *et al.*, | ) | By: Michael F. Urbanski |
|     Defendants. | ) | United States District Judge |

Plaintiff Bernard Ray Richardson, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Richardson has not submitted a filing fee with his complaint and, therefore, the court liberally construes his action as a request to proceed *in forma pauperis*. However, at least three of Richardson's previous actions or appeals have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Therefore, Richardson may not proceed with this action unless he either pays the $350.00 filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As Richardson has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[2] the court dismisses his complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

---

[1] See Richardson v. Henceroth, Civil Action No. 1:97cv830 (E.D. Va. July 7, 1997) (dismissed with prejudice for failure to state a claim); Richardson v. Henceroth, et al., Civil Action No. 1:97cv1102 (E.D. Va. July 31, 1998) (dismissed with prejudice for failure to state a claim); Richardson v. Henceroth, Civil Action No. 1:00cv1238 (E.D. Va. Aug. 14, 2000) (dismissed as frivolous); Richardson v. Prison Health Services Staff, Civil Action No. 1:09cv756 (E.D. Va. Mar. 23, 2010) (dismissed with prejudice for failure to state a claim); Richardson v. Ward, Civil Action No. 1:10cv1186 (E.D. Va. Oct. 25, 2010) (dismissed with prejudice for failure to state a claim).

[2] Richardson names the Grievance Coordinator, Head Nurse, Warden, and a Major at Red Onion State Prison as defendants to this action. Richardson alleges that the one or more of the defendants have "blocked" his access to the grievance system; denied him medical treatment for a pinched nerve, degenerative disc disease, and flatulence; and denied him a neurosurgeon appointment, x-ray, MRI, and "brand new orthopedic[] tennis shoes" "with velcro strips." Despite these allegations, Richardson attaches to his complaint several grievances with responses from prison staff, many of which either advise Richardson to sign up for a sick call with medical staff or advise him that he is already signed up for a sick call with medical staff. The court notes that Richardson does not allege that the defendants have interfered with his ability to sign up for sick calls or meet with the doctor. Based on his pleading and attachments, the court finds that Richardson has not demonstrated that he is in imminent danger of serious physical harm.

Entered: December 17, 2014

*Michael F. Urbanski*
Michael F. Urbanski
United States District Judge

---

Moreover, as his sole relief, Richardson asks the court to issue a preliminary injunction directing the Virginia Department of Corrections to immediately schedule Richardson for a neurosurgeon appointment, x-ray, and MRI. Richardson does not allege that a doctor or medical professional has ordered or even suggested either of these tests or the appointment. The court finds that Richardson has not demonstrated that he is entitled to preliminary injunctive relief. Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing," that he is likely to succeed on the merits at trial; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Without a showing that the plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). Based on his pleading and attachments, the court finds that Richardson has not "clearly shown" that he is "likely to succeed" on the merits of his case at trial or that he is likely to suffer "actual and imminent" irreparable harm in the absence of the preliminary injunction.